# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 91-189** |
| **JAMAL ABU SAMAK,**<br>  **Defendant** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is petitioner Jamal Abu Samak's ("Abu Samak") Motion for Reduction of Sentence.[1] For the reasons set forth below, the Motion is denied.

## BACKGROUND

Abu Samak was convicted in 1991 of conspiring to violate and violating the Organized Crime Control Act of 1970[2] and currently is serving a life sentence. Abu Samak's conviction was affirmed on appeal in 1993. *See United States v. Samak*, 7 F.3d 1196, 1197 (5th Cir. 1993). Abu Samak now moves for a reduction of his life sentence, citing "attorney deceit" and "fraud" and "clear error" on the part of the sentencing court. Specifically, Abu Samak contends that when he was sentenced in 1992, he was sentenced under the former mandatory United States Sentencing Guidelines ("USSG") for his crimes, and that the mandatory sentence for those crimes has since been reduced to a mandatory "term of years,

---

[1] R. Doc. 269.

[2] *See* 18 U.S.C. § 844(i); 18 U.S.C. § 371. Additionally, because Abu Samak's crimes resulted in a death, he was subjected to the penalty provision of 18 U.S.C. § 34, which provides that "Whoever is convicted of any crime prohibited by this chapter, which has resulted in the death of any person, shall be subject also to the death penalty or to imprisonment for life." 18 U.S.C. 844(i) contains a similar penalty provision, stating that "if death results to any person, including any public safety officer performing duties as a direct or proximate result of conduct prohibited by this subsection, shall also be subject to imprisonment for any term of years, or to the death penalty or to life imprisonment."

1

not life." Abu Samak also argues that recent decisions by the U.S. Supreme Court show that the USSG is advisory, not mandatory,[3] and also argues the fact that pushed the penalty for his case beyond the prescribed statutory maximum should have been submitted to the jury and proved by the prosecution beyond a reasonable doubt.[4]

## ANALYSIS

Abu Samak claims to seek relief, in the form of a reduction in his life sentence, under 18 U.S.C. § 3582(c)(1)(A)(i) and 18 U.S.C. § 3582(B). Section 3582(c) provides that a Court may not modify a term of imprisonment once it has been imposed, except that:

> (1) in any case -
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559 (c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142 (g);
> and that such a reduction is consistent with applicable policy statements issued by the

---

[3] In support of this contention, Abu Samak cites *United States v. Booker*, 543 U.S. 220 (2005).

[4] *See Apprendi v. New Jersey*, 530 U.S. 466 (2000).

> Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994 (o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Abu Samak argues that he is entitled to a reduction in his sentence under Section 3582(c)(1)(A)(i) and Section 3582(c)(1)(B). Abu Samak argues that his attorney in his criminal case committed acts of "deceit and fraud" by telling Abu Samak that the sentencing court committed plain error when it sentenced Abu Samak to life in prison, and that the attorney would filed an appeal and a "Rule 35 Motion," but never following up on those promises. Abu Samak contends that this "fraud" and "deceit" is an "extraordinary and compelling" reason to reduce his sentence. Abu Samak also claims that he did not become aware that his attorney failed to file that Rule 35 Motion[5] until January 16, 2012, but claims that his attorney's conduct was such that he should be entitled to "equitable tolling" of Rule 35's 14 day window for filing a motion to reduce his sentence. Abu Samak also argues that his Rule 35 motion to reduce his sentence is an application for "collateral review," which would trigger the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") provision calling for the tolling of the statute of limitations for the filing of a habeas corpus petition. *See* 28 U.S.C. § 2244(d)(2). None of Abu Samak's arguments is valid.

---

[5] Federal Rule of Criminal Procedure 35 provides that "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

## I. 18 U.S.C. § 3582(c)

Abu Samak points to 18 U.S.C. § 3582(c)(1)(A) and 3582(c)(1)(B) as supporting his position, but neither applies to Abu Samak's situation. § 3582(c)(1)(A) does not apply because the Bureau of Prisons has not made a motion to reduce Abu Samak's sentence. §3582(c)(1)(B) does not support Abu Samak's argument because the deadline for filing a Rule 35 motion has long passed.[6]

Likewise, while Abu Samak does not specifically point to § 3582(c)(2) in his motion, he makes several arguments that may be covered by that section (i.e. that the sentencing range for Abu Samak's crimes has been lowered since the sentence was imposed). However, Abu Samak's arguments, which essentially ask the Court to retroactively apply the new sentencing guidelines and re-sentence Abu Samak under those new guidelines, are without merit.

§ 3582(c)(2) provides:

[The court may not modify a term of imprisonment once it has

---

[6] Rule 35 of the Federal Code of Criminal Procedure is reserved for technical errors, such as a miscalculation of a sentence, that can and should be cured quickly after the sentence is imposed. FED. R. CRIM. P. 35. Rule 35 motions must be filed within 14 days of the imposition of a sentence. Abu Samak is seeking a much more substantial review of his sentence than Rule 35 contemplates, and is seeking such review more than twenty years after his sentence was handed down. The authority to correct a sentence under Rule 35 is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, and one that would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a). *See* FED. R. CRIM. P. 35, Advisory Committee's Notes (1991). Abu Samak argues that he should be entitled to equitable tolling of Rule 35's 14 day window, but because he cannot show that he has been diligently protecting his rights for the last twenty years - he claims that he only recently learned that his attorney did not file a "Rule 35 Motion" but does not explain why he did not file such a motion on his own behalf - nor can he show any "extraordinary circumstance" that prevented him from filing, he is not entitled to equitable tolling. *See Pace v. DiGuiglielmo*, 544 U.S. 408, 418 (2005) (("[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent him from filing a timely petition). "The decision to invoke equitable tolling is left to the discretion of the district court," *Cousin v. Lensing,* 310 F.3d 843, 848 (5th Cir. 2002), and this Court finds that Abu Samak has not demonstrated any reason why he should be allowed to file a Rule 35 motion more than twenty years after his sentence was originally imposed.

> been imposed except that . . . ] in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Abu Samak argues that because the applicable sentencing guideline for his crime was reduced after the sentence was imposed, his sentence was illegal under *Booker*. Abu Samak also argues that the aggravating factor that triggered the penalty provision and resulted in his receiving a life sentence should have been submitted to a jury and proven beyond a reasonable doubt under *Apprendi*. However, a reduction of Abu Samak's sentence would not be consistent with the applicable policy statements issued by the Sentencing Commission. The applicable policy statement is U.S.S.G. § 1B1.10, entitled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)," which provides:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. S 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. S 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

U.S.S.G. § 1.B1.10(a). Application Note 1 to § 1B1.10 provides further that "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) [of U.S.S.G. § 1B1.10] that lowers the guideline range." As a result, §

5

3582(c)(2) applies only to those amendments to the Guidelines that policy statement U.S.S.G. § 1B1.10(c) specifically lists as having retroactive applicability. See *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir.1995) (citing *United States v. Miller*, 903 F.2d 341, 349 (5th Cir.1990)).

The Court's research has not revealed any amendment to the Guidelines that limits the maximum sentence for a violation of 18 U.S.C. § 844(i) in the way Abu Samak argues. Indeed, violations of this section are sentenced under § 2K1.4, which instructs that "[i]f death resulted, or the offense was intended to cause death or serious bodily injury, apply the most analogous guideline from Chapter Two, Part A." U.S.S.G. § 2K1.4(c)(1). Because Abu Samak's violation resulted in a death, the most analogous guideline is the first degree murder guideline: § 2A1.1. *See United States v. El-Zoubi*, 993 F.2d 442, 449 (5th Cir. 1993). Application Note 1 to § 2A1.1 provides that "life imprisonment is the appropriate sentence if a sentence of death is not imposed" on an offender sentenced under that section. Likewise, the Sentencing Commission's Sentencing Table lists only "life" as an appropriate sentence for an offender who committed an offense with an Offense Level of 43 and a Criminal History Category of III. U.S.S.G. § 5A. Further, because none of the amendments listed in § 1B1.10(c) applies to the crimes for which Abu Samak was convicted, it would be inconsistent with the Sentencing Commission's policy statements to make a retroactive change to Abu Samak's sentence. *See United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996). Because the policy statements do not call for the reduction of Abu Samak's sentence, this Court need not consider the factors in 3553(a). Abu Samak is not entitled to a reduction in his sentence under § 3582(c)(2).

## II. Equitable Tolling

Abu Samak also argues that he should be entitled to equitable tolling of the time limit for filing a habeas corpus petition. AEDPA imposes a one-year statute of limitations on the filing of habeas corpus petitions, and equitable tolling is permitted only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Abu Samak argues that his trial attorney's failure to file a Rule 35 Motion was intentional, and that this "fraud" is the kind of extraordinary circumstance in which tolling is appropriate. However, Abu Samak has not established that he reasonably relied on his attorney's deceptive misrepresentations, instead arguing that he did not realize that his attorney failed to follow up on his promises until just this year. In 2002, the Fifth Circuit explained what an aggrieved prisoner must show in terms of attorney misconduct to be entitled to equitable tolling of a relevant statute of limitations:

> An attorney's intentional deceit could warrant equitable tolling, but only if the petitioner shows that he reasonably relied on his attorney's deceptive misrepresentations. *United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir.2002). On the other hand, "counsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [petitioner's] habeas petition in the district court within the one-year limitations period." *Fierro* [*v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002)]. If there were ever any doubt that an attorney's error or neglect does not warrant equitable tolling, our recent decision in *Cousin v. Lensing*, 310 F.3d 843 (5th Cir.2002), erased it: "[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." Id. at 849.

*United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (explaining equitable tolling in the context of a § 2255 motion). Abu Samak's attorney's apparent misrepresentations to his client about his intentions, while unprofessional and quite possibly a violation of his ethical obligation to his client, do not warrant equitable tolling of the one-year statute of

7

limitations for filing habeas corpus petitions. Accordingly, Abu Samak's motion, to the extent that it may be construed as a habeas corpus petition, is dismissed as untimely.

## III. 28 U.S.C. § 2255

Finally, pursuant to 28 U.S.C. § 2255, a federal prisoner may move the Court that imposed his sentence to vacate, set aside, or correct the sentence it imposed. "Section 2255 provides the primary means of collateral attack on a federal sentence [and] [r]elief under this section is warranted for any error that 'occurred at or prior to sentencing.'" *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). Abu Samak's motion does not state that he is seeking relief under this section, but because the grounds upon which Abu Samak's arguments are based are unclear, the Court will address whether he would entitled to the relief he seeks by way of § 2255. If Abu Samak's motion to reduce sentence is construed as a § 2255 motion, it is a "successive" § 2255 motion,[7] and because Abu Samak never sought the authorization of the Fifth Circuit to file such a motion, this Court would have no jurisdiction to consider it. *See* 28 U.S.C. § 2244(b)(3)(A). Accordingly, to the extent that Abu Samak's motion seeks relief under § 2255, it must be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Abu Samak's Motion for Reduction of Sentence be and hereby is **DENIED.**

---

[7] In 2000, this Court denied a § 2255 motion filed by Abu Samak, on the grounds that such a motion was untimely, and that Abu Samak was not entitled to equitable tolling of the time limit for filing his motion. *See United States v. Samak*, No. 91-189, 2000 WL 557331 (E.D. La. May 4, 2000) (Schwartz, J.).

8

**New Orleans, Louisiana, this 14th day of November, 2012.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**